IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3038-FL

| | |
|---|---|
| ADRIAN D. MURRAY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALVIN KELLER; MARY POLLARD; )<br>DEKHASTA ROZIER; LOUISE CRUZ; )<br>JACKIE PARKER; UNKNOWN )<br>MEMBERS OF THE UTILIZATION )<br>REVIEW BOARD; DR. DOBYNS; )<br>GARY CRUTCHFIELD; MR. )<br>CAUGHILL; MR. LAIKEZ; MS. )<br>BLACK; AND MS. CHATMAN, )<br>)<br>Defendants. ) | ORDER |

The matter comes before the court on plaintiff's motions for full name and mailing address for Dr. Dobyns ("Dobyns") (DE #s 15 and 38), renewed motion to prevent North Carolina Prisoner Legal Services ("NCPLS") from investigating his claim (DE # 17), motion to amend (DE # 39), and motions to voluntarily dismiss (DE #s 43 and 44). Plaintiff also filed a motion to adopt statements by reference (DE # 29) and a motion to add requested relief (DE # 41), both of which the court construes as motions to amend. Also before the court is the motion to dismiss (DE # 24) pursuant to Federal Rule of Civil Procedure 12(b)(6) of defendants Dekhasta Rozier ("Rozier") and the director of NCPLS Mary Pollard ("Pollard") (collectively "NCPLS defendants"), as well as the motion to dismiss (DE # 34) pursuant to Rule 12(b)(6) of defendants Mr. Caughill ("Caughill"), Gary Crutchfield ("Crutchfield"), and Alvin Keller ("Keller"). For the following reasons, the court

grants defendants' motions to dismiss, grants plaintiff's renewed motion to prevent NCPLS from investigating his claim, grants plaintiff's motions to voluntarily dismiss, grants plaintiff's motions for the full name and mailing address for Dobyns, dismisses plaintiff's claim against the unnamed members of the Utilization Review Board, and grants plaintiff's motions to amend, but dismisses plaintiff's amended allegations as frivolous.

## STATEMENT OF THE CASE

On March 29, 2010, plaintiff filed this action pursuant to 42 U.S.C. § 1983. Plaintiff subsequently asked the court to not appoint NCPLS to investigate his claims. On October 28, 2010, the court conducted a frivolity review of plaintiff's action and directed him to particularize his complaint. The court denied plaintiff's motion to prevent NCPLS from investigating his claims as premature, stating that he could refuse NCPLS's assistance if his action survived this court's frivolity review of his particularized complaint. On November 15, 2010, plaintiff responded to this court's order to particularize his complaint by submitting an amended pleading, and the court then allowed plaintiff to proceed.

On December 22, 2010, NCPLS informed the court that it could not investigate plaintiff's action because the naming of NCPLS's executive director as a defendant created a conflict of interest. On December 30, 2010, plaintiff filed a rejection of NCPLS's investigation. Plaintiff subsequently filed a motion requesting the full name and mailing address for Dobyns. He then filed a renewed motion to prevent NCPLS from investigating his action.

On February 10, 2011, Rozier and Pollard filed a motion to dismiss plaintiff's action against them, arguing that they are not amenable to suit because they are not state actors. Plaintiff then filed a motion to adopt statements and a response to the motion to dismiss.

2

On March 14, 2011, Caughill, Crutchfield, and Alvin filed a motion to dismiss with accompanying brief, in which they argued that plaintiff failed to state a claim upon which relief may be granted. Neal Leakas ("Leakas"), Jacquelyn Chatman ("Chatman"), Nicole Jacobs Black ("Black"), Jackie Parker ("Parker"), and Louise Cruz ("Cruz") also filed a joint stipulation of dismissal, to which plaintiff agreed that dismissal was appropriate.

On March 14, 2011, plaintiff filed a second motion requesting the address for Dobyns and thereafter filed a motion to amend his complaint. Plaintiff also filed a motion to add requested relief and two motions for voluntarily dismissal.

## STATEMENT OF FACTS

Plaintiff makes the following allegations, which the court assumes as true for purposes of these motions, viewing these allegations in the light most favorable to plaintiff. On May 20, 2008, plaintiff filed a grievance at Scotland Correctional Institution ("Scotland") asserting deliberate indifference to his medical care. Then, on May 23, 2008, plaintiff filed a civil lawsuit seeking relief for the alleged deliberate indifference. Plaintiff alleges that, in response to the filing of his lawsuit, Dobyns refused to provide plaintiff medical care in violation of the Eighth Amendment to the United States Constitution.

Plaintiff sought the assistance of NCPLS for his civil action. Rozier, an NCPLS attorney, responded to plaintiff and stated that NCPLS could not get involved with a *pro se* complaint. Plaintiff then contacted Pollard and requested assistance to no avail. Plaintiff contends that, as a result of NCPLS declining to assist him with his civil action, plaintiff was denied access to both a law library and legal assistance, including photocopies of legal documents, records, and case law, in violation of the First, Fifth, and Fourteenth Amendments to the United States Constitution.

3

Plaintiff seeks reimbursement of two hundred fifty dollars ($250.00) for the money his family members were forced to expend for photocopies.

Plaintiff also claims that Pollard denied plaintiff access to courts because NCPLS's refusal to assist prevented plaintiff from issuing subpoenas for witnesses in a pending action before the Industrial Commission. Furthermore, NCPLS's refusal to assist plaintiff forced him to file original documents in his action before the Industrial Commission because he could not afford photocopies. In addition to his civil litigation, plaintiff sought NCPLS's assistance with his criminal action in Guilford County. NCPLS staff attorneys questioned plaintiff regarding his criminal action and denied him legal assistance without an independent investigation. Plaintiff was denied relief in his criminal action and his claims subsequently were procedurally barred.

Plaintiff also brings this action against the Director of the Department of Correction ("DOC"), Bob Lewis. Lewis is responsible for promulgating the DOC's Division of Prisons Policy and Procedure Chapter G, §§ .0202,[1] .0203(h),[2] .0203(a)(1),[3] .0203(e),[4] .0203(g).[5] Plaintiff alleges that Lewis failed to properly train or supervise persons responsible for enforcing the policies. For

---

[1] Section .0202 provides: "Inmates are to be counseled and encouraged to utilize the legal services contractor in order to access the courts. No inmate will be penalized due to allegations against the Department or its employees presented in petitions and complaints."

[2] Section .0203(h) provides: "Supplies. Inmates will be provided with paper, carbon paper, and writing implements with which the legal services contractor may be contacted. The Department will not provide typewriters nor photocopy services for the preparation of legal documents."

[3] Section .0203(a)(1) provides: "Facility Responsibility: The Department shall work to facilitate the provision of legal services to inmates by the contractor. Each facility head will be responsible for the following: (1) Appointing a facility coordinator for inmate access to the contractor; . . ."

[4] Section .0203(e) provides: "Notice. All facilities within the Division of Prisons shall post in conspicuous locations, a notice from the contractor, identifying services available and the method of contacting the contractor."

[5] Section .0203(g) provides: "Complaints. Each facility head will be responsible for documenting staff and inmate complaints regarding the contractor's staff or provision of services. Complaints should be forwarded through the chain of command to the Director of Prisons."

4

instance, at Scotland, a facility coordinator has not been appointed for inmate access to the legal services contractor. Additionally, the address for the legal services contractor is posted, but there is no information identifying the services available. Due to the foregoing, plaintiff alleges the following harm: (1) unfair two hundred fifty dollar ($250.00) financial burden on his family; (2) inability to file essential evidentiary documents in his state tort claim; (3) inability to effectively litigate in his criminal proceedings in Guilford County; and (4) inability to obtain a fair and impartial hearing on January 6, 2011, in his tort action. Plaintiff also alleges that NCPLS failed to assist him with a criminal proceeding and civil proceedings.

## DISCUSSION

A.  Motions to Amend

Plaintiff filed three motions to amend his complaint. Pursuant to Federal Rule of Civil Procedure 15, a plaintiff may amend a pleading before trial once as a matter of course within twenty-one (21) days of service, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Plaintiff filed his first motion to amend within twenty-one (21) days of defendants' motion to dismiss. Accordingly, plaintiff's first motion to amend, filed on February 11, 2011, is GRANTED as of right. As for the remaining motions to amend, the court finds that justice requires that plaintiff be permitted to amend his complaint. Thus, plaintiff's remaining motions to amend also are GRANTED.

The court finds it necessary to conduct a review pursuant to 28 U.S.C. § 1915(e)(2)(B) of plaintiff's amended pleadings. The Prison Litigation Reform Act directs the court to dismiss a prisoner's complaint *sua sponte* at any time "if the court determines that . . . the action . . . is

frivolous . . . [or] fails to state a claim on which relief may be granted." 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii). The court's frivolity review of plaintiff's amended pleadings is incorporated with its analysis of defendants' motions to dismiss, *infra*.

B.    Voluntary Dismissals

Plaintiff seeks to voluntarily dismiss his retaliatory transfer claim and all of his claims against Leakas[6], Chatman, Black, Parker, and Cruz. An action may be dismissed at the plaintiff's request by court order, on terms that the court considers proper. See Fed. R.Civ. P. 41(a)(2). Here, defendants have not pleaded a counterclaim and do not object to dismissal. Thus, plaintiff's voluntary dismissal of this claim and these parties is GRANTED, and the action against them is DISMISSED.

C.    Service on Dobyns

Plaintiff's pleadings reflect that he is unable to obtain the full name and mailing address for Dobyns. An incarcerated *pro se* plaintiff, proceeding *in forma pauperis*, is entitled to rely on the United States Marshal for service of summons and complaint. Oxendine-Bey v. Bertie Correctional Inst., No. 5:10-CT-3140-FL, 2011 WL 2413836, at *1 (E.D.N.C. 2011); Puett v. Blanford, 912 F.2d 270, 275 (9th Cir. 1990). Typically, the plaintiff must provide the necessary information and documentation to effect service. Id. In this case, plaintiff does not appear to have the correct address for Dobyns. To facilitate this matter on the merits, the North Carolina Attorney General is ordered to provide the court with the full name and last known address for this defendant. The requested information shall be provided under seal and will be disclosed only to the relevant court personnel,

---

[6]Defendant Leakas was initially designated "Laikez" in plaintiff's complaint. However, the February 10, 2011 Notice of Appearance (DE #26) designates defendant as "Neal Leakas," and the court uses this name herein.

the Marshal, and any of the Marshal's deputies or employees engaged in providing service of process. The address shall be provided within twenty-one (21) days of the filing of this order. For the foregoing reasons, plaintiff's motions for the full name and mailing address of Dobyns are GRANTED.

D.  Motions to Prevent NCPLS from Investigating

Plaintiff requests that NCPLS not investigate his action, to which NCPLS agrees. Thus, plaintiff's motions are GRANTED.

E.  Unknown Members of the Utilization Review Board

Plaintiff named unknown members of the Utilization Review Board as defendants in this action. As stated, the Prison Litigation Reform Act allows a court to dismiss a prisoner's complaint *sua sponte* at any time "if the court determines that . . . the action . . . is frivolous . . . [or] fails to state a claim on which relief may be granted." 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii).

Here, plaintiff has not provided a name for the members of the Utilization Review Board that he seeks to sue or made any specific allegations against any Utilization Review Board member. Although *pro se* litigants are held to less stringent pleading standards than attorneys, the court is not required to "accept as true unwarranted inferences, unreasonable conclusions, or arguments." Monroe v. City of Charlotesville, Va., 579 F.3d 380, 385-86 (4th Cir. 2009). A minimum level of factual support is required. White v. White, 886 F.2d 721, 723 (4th Cir. 1989). Plaintiff has not satisfied this minimum level. Thus, his claim against the unnamed members of the Utilization Review Board is DISMISSED without prejudice as frivolous.

F.  Motions to Dismiss

    1.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949, and Twombly, 550 U.S. at 557).

2.  Analysis

    a.  Motion to Dismiss Filed by Rozier and Pollard

Pollard[7] and Rozier are employees of NCPLS. NCPLS is operated and overseen by Legal Services of North Carolina Inc. ("Legal Services"). See Smith v. Bounds, 657 F. Supp. 1327, 1328 n. 1 (E.D.N.C. 1986), aff'd, 813 F.2d 1299 (4th Cir. 1987). Legal Services is a not-for-profit corporation. See N.C. Gen. Stat. § 7A-474.2(1a). A private entity such as NCPLS is not a state actor

---

[7] The analysis of Pollard's motion to dismiss includes the frivolity review of plaintiff's amended allegations against these defendants.

and is therefore not amenable to suit under section 1983 except in certain narrow circumstances, none of which apply here. See Bryant v. N.C. Prisoner Legal Servs., Inc., 1 F.3d 1232, 1993 WL 291448, at *1 (4th Cir. Aug. 2, 1993) ("NCPLS and its attorneys are not state actors amenable to suit under 42 U.S.C. § 1983.") (per curiam); Haavistola v. Comm. Fire Co. of Rising Sun, Inc., 6 F.3d 211, 215 (4th Cir. 1993) (identifying situations in which conduct by a private entity constitutes "state action"). It is true that private individuals can become state actors by entering into contracts with the state to provide services that the state is obligated to provide. See West v. Atkins, 487 U.S. 42, 54 (1988). However, in Polk County v. Dodson, 454 U.S. 312, 325 (1981), the Court recognized that a state-paid public defender occupied a sufficiently independent and adversarial role to the state such that he did not act under color of state law when representing a criminal defendant. Cf. Holly v. Scott, 434 F.3d 287, 291 (4th Cir. 2006) (holding that employees of private prison were not subject to claims under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)). Similarly, the court noted the independence of NCPLS attorneys in Smith. See Smith, 657 F. Supp. at 1331. Because the NCPLS defendants were not acting under color of state law for purposes of section 1983 when they allegedly committed the acts in question, their motion to dismiss is GRANTED.

Even if the NCPLS defendants were amenable to suit, plaintiff's claims against them would be dismissed for failure to state a claim upon which relief may be granted. Plaintiff alleges that NCPLS refused to represent him when he requested assistance and refused to provide him with photocopies. NCPLS is a group of attorneys that initially screens and investigates prisoner cases and provides representation to inmates with potentially meritorious claims. Fowler v. Lee, 18 F. App'x 164, 166 (4th Cir. 2001). If NCPLS determines that the appointment of counsel is not necessary, it

9

will provide advice and assistance to inmates. Id. Attorneys with NCPLS may use their professional judgment to determine whether to represent an inmate in a case. Bernard v. Branker, No. 5:10-CT-3164-D, 2011 WL 2748660, *6 (E.D.N.C. July 14, 2011). The meaningful access requirement referred to in Bounds v. Smith, 430 U.S. 817 (1977), does not require total or unlimited access. See High v. Hamden, No. 03-CT-631-H (E.D.N.C. Oct. 29, 2003), aff'd, 88 F. App'x 604 (4th Cir. 2004); Johnson v. North Carolina Department of Correction, No. 5:01-CT-508-H, 2001 WL 34704467, *1 (E.D.N.C. Aug. 21, 2001) ("Plaintiff cannot proceed with a claim challenging the quality of legal assistance afforded under the current scheme for providing legal services where he merely asserts that he is not receiving the level of services he would like."), aff'd, 23 F. App'x 179 (4th Cir. 2002). Thus, NCPLS's refusal to accept representation in a matter does not give rise to a constitutional violation. See Moore v. Gray, No. 5:04-CT-918-FL, 2005 WL 3448047, *1 (E.D.N.C. Jan. 26, 2005), aff'd, 133 F. App'x 913 (4th Cir. 2005).

As for plaintiff's claim that NCPLS refused to provide him with photocopies, there is no requirement that NCPLS make photocopies upon demand from inmates. NCPLS's refusal to provide photocopies does not amount to a constitutional violation. See Rosser v. Hunt, No. 1:08CV808, 2009 WL 903323, *2 (M.D.N.C. Mar. 31, 2009); Bryant v. Beck, No. 1:08CV181, 2008 WL 2949247, *2-3 (M.D.N.C. July 30, 2008); Johnson v. North Carolina Department of Correction, No. 5:01-CT-508-H, 2001 WL 34704467, *1 (E.D.N.C. Aug. 21, 2001), aff'd, 23 F. App'x 179 (4th Cir. Jan. 11, 2002). Thus, even if plaintiff could proceed against the NCPLS defendants, his claims against them would be dismissed for failure to state a claim. Plaintiff's amended allegations against the NCPLS defendants also are DISMISSED as frivolous.

      b.     Motion to Dismiss Filed by Keller, Crutchfield, and Caughill

10

Case 5:10-ct-03038-FL   Document 45   Filed 09/23/11   Page 10 of 14

Defendants Keller, Crutchfield, and Caughill move to dismiss plaintiff's access to courts claim against them for failure to state a claim upon which relief may be granted.[8] Inmates have a right to reasonable access to state and federal courts and to communicate with attorneys. See, e.g., Ex Parte Hull, 312 U.S. 546, 549 (1941); Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir. 1978) (per curiam); see Bounds v. Smith, 430 U.S. 817, 823 (1977), narrowed by Lewis v. Casey, 518 U.S. 343 (1996). The plan whereby NCPLS provides legal assistance to inmates in the custody of the Department of Correction adequately protects the inmates' constitutional right of access to the courts. See, e.g., Wrenn v. Freeman, 894 F. Supp. 244, 247–49 (E.D.N.C. 1995).

In order to state a claim for denial of access to the courts, the inmate must show actual injury or that a defendant's conduct hindered his efforts to pursue a legal claim. See, e.g., Lewis v. Casey, 518 U.S. 343, 351–52 (1996); Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006); Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996). The Supreme Court held in Lewis that inmates must be provided "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Lewis, 518 U.S. at 351 (quotation omitted). The right to access the courts extends to direct criminal appeals, habeas corpus proceedings, and civil rights actions challenging conditions of confinement. Id. at 354-55. The actual injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." Id. at 353. The Court did not extend the holding to include the right to "*litigate effectively* once in court." Id. at 354 (emphasis in original) (disclaiming language in Bounds v. Smith, 430 U.S. 817, 825 (1977), suggesting otherwise).

---

[8] This court's analysis of the motion to dismiss includes a frivolity review of plaintiff's amended allegations against defendants Keller, Crutchfield, and Caughill, as well as plaintiff's newly added claims against Lewis.

11

In this case, plaintiff asserts that his actual injury occurred because he was denied access to photocopies, resulting in a financial hardship of two hundred fifty dollars ($250) to his family. As discussed above, there is no constitutional requirement that NCPLS provide photocopies for inmates, nor does an inmate need photocopies to obtain access to courts.

Plaintiff also alleges that the DOC's policies prevented him from filing documents in his state tort action, from effectively litigating his criminal proceedings in Guilford County, and from obtaining a fair and impartial hearing on January 6, 2011, in his tort action. Plaintiff, however, has not demonstrated how the DOC's policies have caused him actual injury. For instance, plaintiff has a prolific litigation history, which reflects that he has had the opportunity to file suit alleging his conditions of confinement claims as well as his challenge to his criminal conviction.[9] Plaintiff's allegations also demonstrate that he has had access to NCPLS in that he states he requested assistance from NCPLS, but NCPLS declined to represent him. Based upon the foregoing, plaintiff has had the opportunity to present his claims to the courts. See Lewis, 518 U.S. at 356 ("*Bounds* . . . guarantees no particular methodology [about meaningful access to the courts] but rather the conferral of a capability-the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.") Moreover, plaintiff fails to allege that a nonfrivolous claim has been frustrated or impeded by defendants. Lewis, 518 U.S. at 353. Rather, plaintiff's allegations deal with his frustration with the effectiveness of his litigation, but the Constitution does

---

[9] In addition to this action, plaintiff has filed, while a prisoner, numerous other cases in the federal district courts. See Murray v. Nation Review Inc., No. 11CV. 1501 (S.D. N.Y. July 20, 2011); Murray v. Cash, No. 8 CV 280 (M.D.N.C. Apr. 22, 2008); Murray v. National Review, No. 3:10-CV-611-TJC (M.D. FL. July 16, 2010); Murray v. Jenkins, No. 08 CV. 281 (M.D.N.C. Apr. 22, 2008); Murray v. Henderson, No. 07 CV 920 (M.D.N.C. Feb. 25, 2008); Murray v. N.C. Dept. of Corr., No. 1:07 CV 352PTS (N.D. MD. May2, 2007); Murray v. Buggs, No. 07 CV 026 (M.D.N.C. Aug. 14, 2007); Murray v. McMillan, No. 07 CV 025 (M.D.N.C. Aug. 14, 2007); Murray v. Rankin, No. 06 CV 1092 (M.D.N.C. Aug. 13, 2007); Murray v. Rankin, No. 04 CV 1192 (M.D.N.C. June 9, 2006); Murray v. State of North Carolina, No. 04 CV 1014 (M.D.N.C. Nov. 3, 2004).

not guarantee plaintiff the ability to litigate effectively. Id. At 354. Accordingly, plaintiff has not alleged any actual injury.

Because plaintiff has failed to allege that defendants' actions resulted in any actual injury, he fails to state a claim for denial of access to the courts. Therefore, defendants' motion to dismiss is GRANTED, and plaintiff's amended allegations are DISMISSED as frivolous.

## CONCLUSION

Based upon the foregoing, the court rules as follows:

(1) Plaintiff's motions for full name and mailing address for Dr. Dobyns (DE #s 15 and 38) are GRANTED. The Attorney General is DIRECTED to provide the requested information within twenty-one (21) days.

(2) Plaintiff's renewed motion to prevent NCPLS from investigating his claim (DE # 17) is GRANTED.

(3) Plaintiff's motions to amend (DE #s 29, 39, and 41) are GRANTED.

(4) Plaintiff's motions to voluntarily dismiss his retaliatory transfer claim and his claims against Leakas, Chatman, Black, Parker, and Cruz (DE #s 43 and 44) are GRANTED.

(5) The motion to dismiss filed by Rozier and Pollard (DE # 24) is GRANTED. Additionally, plaintiff's amended allegations against these defendants are DISMISSED as frivolous.

(6) The motion to dismiss filed by Caughill, Crutchfield, and Keller (DE # 34) is GRANTED. Additionally, plaintiff's amended allegations against these defendants,

Case 5:10-ct-03038-FL   Document 45   Filed 09/23/11   Page 13 of 14

as well as plaintiff's allegations against new defendant Lewis, are DISMISSED as frivolous.

(7) Plaintiff's claim against the unnamed members of the Utilization Review Board is DISMISSED without prejudice as frivolous.

(8) The Clerk of Court is DIRECTED to issue an initial order after Dobyns responds to plaintiff's complaint.

SO ORDERED, this the 22r day of September, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

14